SUSAN KUMLI
Acting Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
HAIELY R. McALLISTER (Cal. Bar No. 326785)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (415) 625-2702
Facsimile: (415) 625-7772
Email: mcallister.hailey@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>JOLIE CLOTHING, INC., a corporation; JOSEPH YI, an individual.<br><br>Defendants. | Case No.: 2:21-cv-4792<br><br>**COMPLAINT**<br>Violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq*. |

Plaintiff, Secretary of Labor, United States Department of Labor, ("Secretary"), alleges as follows:

**NATURE OF THE ACTION**

Defendant Jolie Clothing, Inc. is a garment manufacturer whose clothes are made by workers who are not paid the minimum wage and overtime required by the Fair Labor Standards Act. Under the Fair Labor Standards Act, as amended, these garments are "hot goods" that must not be introduced into commerce. The Secretary brings this

action under Section 17, 29 U.S.C. § 217, of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or the "Act"), to enjoin corporate Defendants from (1) continuing to violate the "hot goods" provision of the FLSA, 29 U.S.C. § 15(a)(1); and (2) failing to disgorge ill-gotten gains that have resulted from violations of the FLSA in an amount equal to the back wages due to employees who produced Jolie Clothing's garments for substandard wages.

## PARTIES

1. The Plaintiff, Martin J. Walsh is the United States Secretary of Labor.

2. Defendant Jolie Clothing, Inc. is and at all times material has been a California corporation, with an office and registered business address at 1100 S. San Pedro Street, #D-3 Los Angeles, California, 90015, within the jurisdiction of this Court.

   a. Defendant Jolie Clothing, Inc. is and at all times material has been a garment manufacturer who sells its clothes to retailers such as Francescas Collections, Charlott Avery, Inc., LTX Sportwear, Fab'Rik Buckhead, Twenty5A, Eclipse, A + D, and Palmetto Moon.

   b. Defendants sell garments using the website Fashion Go (https://fashiongo.net/), which is a self-described "online wholesale marketplace."

   c. Jolie Clothing contracts with sewing factories to complete its garments it sells to retailers.

   d. Damoa Apparel, Inc. is a sewing contractor doing business at 132 E. 32nd Street, Los Angeles, CA 90011, that produced finished garments exclusively for Jolie Clothing from at least September 3, 2018 to November 17, 2020.

3. Defendant Joseph Yi, an individual, resides in Los Angeles, California within the jurisdiction of this Court, and is the Chief Executive Officer, Chief Financial Officer, and Director of the corporation and primarily responsible for its operation.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1345 (United States as plaintiff).

5. Venue lies in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Secretary's claims occurred in this district, specifically, Los Angeles, California.

## GENERAL ALLEGATIONS

6. At all relevant times, Defendant Jolie Clothing was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) it had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) it had an annual gross volume sales made or business done of not less than $500,000.

7. At all relevant times, Damoa Apparel, Inc. employed employees who were engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because Damoa Apparel had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. At all relevant times, sewing contractor Damoa Apparel, Inc. produced goods exclusively for Defendants.

8. At all relevant times, Damoa was and is an employer within the meaning of the FLSA § 3(d), 29 U.S.C. § 203(d) in relation to the employees listed on Exhibit A to this Complaint.

# FIRST CAUSE OF ACTION
### (Violating Hot Goods Provision of the FLSA)

9. Defendants have violated Section 15(a)(1) of the FLSA which prohibits "any person" from introducing goods produced in violation of § 6 or § 7 of the FLSA into interstate commerce, 29 U.S.C. 215(a)(1), by shipping transporting, selling, or intending to ship, transport or sell, goods in interstate commerce that were made by workers in Damoa Apparel's factory who were not paid minimum wage or overtime, in violation of § 6 or § 7 of the FLSA.

D. In November 2020, the Wage and Hour Division, U.S. Department of Labor ("Wage and Hour Division") began an investigation of the Damoa Apparel sewing factory. The investigation revealed that Damoa Apparel failed to pay its employees all of the minimum wage and overtime required under the FLSA §§ 6, 7, and 15(a)(2), 29 U.S.C. §§ 206, 207, and 215(a)(2), while working on garments for Jolie Clothing. Damoa Apparel also failed to maintain adequate and accurate records of the hours worked and wages paid to its workers, as required by the FLSA, Section 11(c), 29 U.S.C. § 211(c). Prior to the Secretary's investigation, Defendants hired a third-party monitoring company that monitored Damoa Apparel on June 4, 2019 and December 10, 2019. The monitor found violations of 29 U.S.C §§ 206, 207, and 211(c) of the FLSA.

10. Defendants sold and shipped garments produced by Damoa Apparel to clothing retailers, including Francescas Collections, Charlott Avery, Inc., LTX Sportwear, Fab'Rik Buckhead, Twenty5A, Eclipse, A + D, and Palmetto Moon.

11. As a result of the violations of the hot goods provision of the FLSA, Defendants have received ill-gotten gains because the Damoa Apparel employees who produced goods for Ginger G were paid substandard wages, benefiting Defendants unfairly, and subjecting others to unfair competition in commerce, in violation of the FLSA.

# PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary prays for a judgment:

A. Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently

enjoining and restraining Defendants, their officers, agents, servants and employees, and all persons in active concert or participation with them, from violating the provisions of Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), including disgorgement of amounts sufficient to afford restitution to Damoa Apparel workers paid substandard wages for their work on Jolie Clothing, Inc. garments in violation of the FLSA's minimum wage and overtime provisions, 29 U.S.C. Sections §§ 206 and 207.

      E.     Such other and further relief as the Court deems necessary.

Dated: 6/11/2021

ELENA GOLDSTEIN
Acting Solicitor of Labor

SUSAN KUMLI
Acting Regional Solicitor

ANDREW J. SCHULTZ
Counsel of Wage and Hour

*/s/ Hailey R. McAllister*
HAILEY R. McALLISTER
Trial Attorney

Attorneys for the Plaintiff Secretary
U.S. DEPARTMENT OF LABOR

# EXHIBIT A

| First Name | Last Name |
|---|---|
| Inocente | Alvarado |
| Gloria | Arispe |
| Maria | Celina |
| Carlos | Cuazitl |
| Alex | Fernandez |
| Zeferino | Garcia |
| Francisco | Guzman |
| Ignacio | Hernandez |
| Isaias | Leon |
| Rita | Leon |
| Felix | Lopez |
| Elva | Payan |
| Rosenda | Payan |
| Jorge | Quintarer Santana |
| Esther Azuani | Rodriguez Ayala |
| Elsa | Ventura |
| Martin | Victoria |