FILED
CLERK, U.S. DISTRICT COURT

August 13, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___PMC___ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>JOLIE CLOTHING, INC., a corporation; JOSEPH YI, an individual.<br><br>Defendants. | Case No.: 2:21-cv-04792<br><br>[PROPOSED] CONSENT JUDGMENT AND ORDER |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Jolie Clothing, Inc. and Joseph Yi ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that the Defendants violated the following provisions of the Fair Labor Standards Act of 1938 as amended ("FLSA"):

    1.    Section 15(a)(1), 29 U.S.C. § 215(a)(1).

CONSENT JUDGMENT

B. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment;

C. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

## FACTUAL BACKGROUND

D. Defendant Jolie Clothing, Inc. is a garment manufacturer that sells apparel to clothing retailers, including Francescas Collections, Charlott Avery, Inc., LTX Sportwear, Fab'Rik Buckhead, Twenty5A, Eclipse, A + D, and Palmetto Moon. Defendants sell garments using the website Fashion Go (https://fashiongo.net/), which is a self-described "online wholesale marketplace." Defendant Jolie Clothing contracts with sewing factories, including Damoa Apparel, Inc., Ducky Trading, Inc., Matt Song P Inc., OCI Land, to produce their garments, which Defendants sell through Fashion Go.

E. Defendant Joseph Yi is the Chief Executive Officer, Chief Financial Officer, and Director of the corporation and primarily responsible for its operation.

F. The Secretary's investigation of the Damoa Apparel, Inc. factory revealed violations of the FLSA's minimum wage, overtime, and recordkeeping provisions. Employees are paid a piece rate or a weekly salary, regardless of the number of hours worked, resulting in hourly wages below minimum wage. Employees at each location also work over 40 hours per week but do not receive overtime compensation.

G. Defendants had knowledge of Damoa Apparel's FLSA violations since at least June 2019. Prior to the Secretary's investigation, Defendants hired a third-party monitoring company that monitored Damoa Apparel on June 4, 2019 and December 10, 2019. The monitor found violations of the minimum wage, overtime, and recordkeeping provisions of the FLSA.

H. Damoa Apparel, Inc. produced garments exclusively for Defendants from September 3, 2018 to November 17, 2020.

I. Defendants sold garments produced by Damoa Apparel, Inc. on the Fashion Go website.

  J. Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on by employees who were not paid the wages required under the FLSA.

  K. Following an investigation of the Damoa Apparel factory, Wage and Hour investigators notified Defendants that garments made by Damoa Apparel were hot goods and that the Secretary objected to shipment of the goods made in the 90 days prior to the objection into interstate commerce. Defendants agreed to refrain for shipping or selling these goods.

**ORDERED, ADJUDGED, AND DECREED** that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

  1. Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

  2. Defendants shall not fail to disgorge, from the gross proceeds of their having sold or shipped in commerce goods that had been worked on by employees of Damoa Apparel, Inc., identified on Exhibit D, who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, an amount of $60,000 in back wages for the period of July 13, 2020 to November 16, 2020.

   a. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, after deducting the amount of legal deductions and forwarding said funds to the

appropriate agencies, to the persons owed wages for the time period listed in paragraph 2 above, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

3. Defendants shall not continue to withhold payment of $9,588 in unpaid civil money penalties assessed against Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e), for violations of Section 15(a)(1), 29 U.S.C. § 215(a)(1).

4. The aforementioned payments shall be made in installments as set forth in the attached Exhibit C.

5. Within 30 days of the entry of this Judgment, Defendants shall hire an independent third party monitor, acceptable to and approved by the Secretary, to monitor all of their domestic sewing, cutting, finishing, trimming and printing contractors (hereafter "contractor(s)") to enforce the contractors' compliance with the FLSA. The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

    a. The monitoring program shall include the following components:

        i. Random and unannounced site visits to the contractor, at least on a quarterly basis;

        ii. Review of the contractor's timecards and payroll records on at least a quarterly basis;

        iii. Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be

disclosed to the employer. At least one half of the interviews shall be done off work premises;

    iv. Disclosure to the contractor and Defendant of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

    v. Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

    vi. The Defendant shall not take any adverse action against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

    vii. The monitor shall produce written reports of its findings, which must address each of the subjects required under this paragraph. Defendant shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

  b. Defendants shall produce copies of these monitoring reports to all domestic retailers to which Defendants provide goods within ten (10) calendar days of their receipt. Defendants shall also maintain a record of its submission of these monitoring reports to their retailers, and produce this record to representatives of the Secretary of Labor upon their request. Defendants shall also produce a copy of these monitoring reports to Wage and Hour Division Regional Garment Coordinator Hester Smith at Smith.Hester@dol.gov.

6. Where the monitor identifies FLSA wage violations at a contractor's establishment, Defendants shall ensure that the violations are corrected and the employees receive their proper pay in the next regularly scheduled payroll. Defendants have thirty business days after learning of the violation to correct any other FLSA violations, i.e. recordkeeping violations, discovered at a contractor's establishment. Defendants shall notify the Department of Labor when such violations are found and the corrective measures taken. Defendants shall send a letter to the District Director, Wage

and Hour Division, 915 Wilshire Boulevard, Suite 960, LA, CA 90017, or by email to bui.kimchi@dol.gov identifying the violations, the backwages that were paid and with copies of the documentation showing the payments made to employees at the time payment was made. This letter should be sent as soon as possible after the violation has been corrected, but in no event shall it be sent later than 10 business days after making the correction.

7. Defendants shall not enter into any agreement with any contractor or provide any work to that contractor until that contractor has been monitored and Defendants have grounds for believing that the contractor is and will continue to pay its employees in compliance with the FLSA. Defendants must document their basis for their belief of the contractor's future compliance prior to providing any work to the contractor. Further, Defendants shall not contract with or provide work to any contractor who was not monitored in at least the prior quarter.

8. To ensure that their garment contractors pay employees the wage rates required by the FLSA, Defendants shall establish a code of conduct for their garment contractors requiring FLSA compliance. Defendants shall produce a copy of their proposed code of conduct to the Wage and Hour Division within sixty days of execution of this Consent Judgment. Upon its approval by the DOL, Defendants shall distribute the approved code of conduct to all of their current contractors, provide it to all new contractors, post copies in their own facility, and post copies on all social media sites, including their web site and any and all social media pages. This code of conduct shall be maintained in English, Spanish and Korean.

    a. The Code of Conduct shall set forth at least the following:

        i. All contractors must comply with the Fair Labor Standards Act and the state wage provisions. This means that all contractors must pay their employees at least the required minimum wage rate and an overtime rate of time and one-half the employee's regular rate for all hours worked over 40 in a workweek.

  ii. All contractors must provide a safe work environment, in compliance with applicable health and safety codes.

  iii. All contractors must maintain a time keeping system that accurately records the hours worked by their employees.

  iv. Employees must clock in their start time and end time each day. Employees must record their own hours. The contractor is strictly forbidden from clocking in for employees.

  v. Employees may be paid on a piece rate basis, but if they are paid in this manner, the contractor must review the employee's wages weekly to ensure that the employee is paid the minimum wage required by the FLSA for the employee's hours worked. If the piece rate earnings do not equal the minimum wage for 40 hours, the contractor must make up the difference.

  vi. All employees who work in excess of 40 hours per week are entitled to be paid an overtime rate of time and one-half their regular rate for the hours over 40. To pay overtime, the contractor must add up the employee's weekly earnings and divide that number by the number of hours worked to get the employee's regular rate. The contractor must pay the employee one half of the employee's regular rate for the hours over 40, in addition to the piece rate earnings. The attached Exhibit A contains examples of minimum wage and overtime calculations;

  vii. The contractor must maintain a record of the employee hours worked and the amounts paid;

  viii. The contractor must inform Defendants immediately whenever the contractor is unable to meet any requirement of the FLSA;

  ix. The contractor's obligation to cooperate with the monitor.

9. Defendants shall notify their garment contractors that they shall not conduct

business with any contractor who is unwilling or unable to comply with the FLSA, the code of conduct and the terms of this Judgment, or who takes any adverse action or retaliates against any employee for cooperating with the monitor or reporting violations of the FLSA;

    10. Defendants shall require all garment contractors with whom they do business to maintain true and accurate time and payroll records and produce copies of them to the Defendant's monitor on a regular basis as follows:

    a. The contractors must maintain true and accurate time and payroll records that include all of the employees who perform work for it, regardless of whether they are paid in cash or by check;

    b. All garment contractors must maintain at least two years worth of all time and payroll records, including supporting documentation, on the premises of the contractors' establishments. Supporting documentation includes, for employees paid on a piece rate basis, the piece tickets on which the employee pay is based, and cash pay records for employees paid in cash;

    c. Defendants shall obtain written confirmation from all of their garment contractors that they are maintaining the time and payroll records required by this paragraph at their establishment and shall produce these records to representatives of the Department of Labor upon their request;

    d. Defendants shall require all garment contractors with which it does business to submit a copy of these records to the monitor no later than one month after the period worked as reflected on the records..

    11. Defendants must produce a list of their garment contractors and their addresses on a quarterly basis to U.S. Department of Labor, District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, Los Angeles, CA 90017 and Wage and Hour Division Regional Garment Coordinator Hester Smith at Smith.Hester@dol.gov.

12. Defendants must produce a list of their garment contractors to all retailers for which Defendants produce goods on a monthly basis.

13. This list of garment contractors must be reflected on Defendants' Fashion Go account.

14. For all orders that require domestic production, Defendants must notify the retailer for whom the order is intended that the garments will be made domestically and that Defendants will be required to pay their domestic contractor a higher rate than if the goods were to be produced outside of the United States.

    a. For all domestic production, Defendants shall require each of their domestic contractors to make production facilities available to Defendant's retailers to conduct time studies.

    b. When domestic retailers fail to pay a sufficient price for the goods to meet minimum wage and overtime requirements, Defendants will notify the U.S. Department of Labor, District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, Los Angeles, CA 90017 and Wage and Hour Division Regional Garment Coordinator Hester Smith at Smith.Hester@dol.gov. Prior to beginning work with a garment contractor, Defendants shall notify the Department of Labor and provide the contractor's name and the anticipated dates of production as well as deadlines for delivery to the retailer.

    c. Prior to beginning work with a garment contractor, Defendants shall also notify all retailers for which it produces goods and provide the contractor's name and address.

15. Defendant's quality control representative shall keep a record of every visit made to the domestic contractors. The QC representative must ask for and make a copy of the time cards and compare the number of workers in the shop to the time cards at least once each week.

16. To assess the contractor's compliance with the FLSA, Defendants shall

review the contractor's time and payroll records at reasonable intervals in light of the production requirements of the goods that the contractor is producing for Defendants. Defendants shall conduct this analysis as frequently as necessary to ensure the contractor's compliance with the FLSA, shall document this analysis when it is done, maintain records of this analysis for two years and provide copies of it to representatives of the Secretary of Labor upon their request. Further, Defendants shall maintain copies of the contractor's time and payroll records for a period of three years. These records may be maintained in the monitor's office, but the Defendants are required to assure themselves that the monitor is maintaining the records as required by this Judgment. Defendants shall produce these records to representatives of the Secretary of Labor upon their request;

  17. Defendants shall require all contractors with whom it does business, who are subject to the garment registration requirements of the State of California, to maintain a valid garment registration. Defendants shall not do business with any garment contractor without a valid registration;

  18. Defendants shall maintain for a period of three years copies of all cost sheets and other production records related to their sewing contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

  19. Defendants shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

  20. Defendants shall supply all of their contractors with copies of the attached Exhibit A regarding overtime calculations and Exhibit B, which summarizes terms of this Judgment and the employees' rights under the FLSA. The English, Spanish, and Korean versions are attached. Defendants shall ensure that their contractors distribute a copy of Exhibits A and B to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of their contractor's establishments;

21. Defendants shall provide all retailers for which they produce goods with a copy of this Consent Judgment.

22. Defendants shall provide Fashion Go with a copy of this Consent Judgment.

23. Defendants shall advise the Wage and Hour Division of any change in Jolie Clothing's name; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _____        _____

                                          STEPHEN V. WILSON
                                          UNITED STATES DISTRICT JUDGE

Dated: _____        Dated: 6/2/2021

_____        ELENA GOLDSTEIN
                                          Acting Solicitor of Labor

Attorneys for Defendants        SUSAN KUMLI
                                          Acting Regional Solicitor

                                          ANDREW J. SCHULTZ
Dated: 6-7-21        Counsel for Wage and Hour

_____        */s/ Hailey R. McAllister*
JOSEPH YI        Trial Attorney
Individually and for Defendant
JOLIE CLOTHING, INC.        Attorneys for the Plaintiff Secretary
                                          U.S. DEPARTMENT OF LABOR

21. Defendants shall provide all retailers for which they produce goods with a copy of this Consent Judgment.

22. Defendants shall provide Fashion Go with a copy of this Consent Judgment.

23. Defendants shall advise the Wage and Hour Division of any change in Jolie Clothing's name; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: August 13, 2021

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Dated: June 1, 2021

_____
Haewan Kim
Attorneys for Defendants

Dated: 

_____
JOSEPH YI
Individually and for Defendant
JOLIE CLOTHING, INC.

Dated: 6/2/2021

ELENA GOLDSTEIN
Acting Solicitor of Labor

SUSAN KUMLI
Acting Regional Solicitor

ANDREW J. SCHULTZ
Counsel for Wage and Hour

/s/ Hailey R. McAllister
Trial Attorney

Attorneys for the Plaintiff Secretary
U.S. DEPARTMENT OF LABOR

11

# Exhibit A

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $8.00 (Calif. Minimum Wage) - $5.00 = $3.00 per hour (underpaid)

*$3.00 per hour x 40 hours = $120.00 minimum wage due*

---

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

$425 / 50 hours = $8.50 per hour

$8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

*$4.25 x 10 hours = $42.50 in overtime premium due*

---

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

$.70 x 50 hours = $35.00 in regular rate due

$8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

2

# Exhibit A
(Spanish)

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabajadores que ganan por pieza:**

**Ejemplo No. 1:**
El empleado A hizo $200.00 en trabajo de piezas y trabajo 40 horas.
- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $8.00 (sueldo mínimo por hora en California) - $5.00 = $3.00 por hora. $3.00 por hora es lo que se le debe a esta persona.
- **Total: $3.00 por hora x 40 horas = $120.00 que se le debe al empleado por sueldo mínimo.**

---

**Ejemplo No. 2:**
El empleado B hizo $425.00 en trabajo de piezas y trabajo 50 horas.
- $425.00 / 50 horas = $8.50 por hora
- $8.50 por hora **x** 0.5 (la mitad) = $4.25 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $4.25 por hora x 10 horas = $42.50 que se le debe al empleado por tiempo extra (overtime).**

---

**Ejemplo No. 3:**
El empleado C hizo $365.00 en trabajo de piezas y trabajo 50 horas.
- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $8.00 (sueldo mínimo por hora en California) - $7.30 = $0.70 que se le debe al empleado por cada hora $0.70 x 50 horas =$35.00 es lo que se debe en Salario Regular.
- $8.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $40.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $35.00 en Salario Regular y $40.00 por tiempo extra (overtime) = $75.00.**

# Exhibit A
(Korean)

작업량에 따라 최소임금과 오버타임을 계산하는 방법은 다음과 같습니다.

예시**1:**

직원A는 40시간을 일하여 $ 200 만큼의 작업량을 달성했습니다.

$ 200 을 40시간으로 나누면, 200 / 40 = 시간당 $ 5이 됩니다.

$ 8 (캘리포니아 주 시간당 최소임금) - $ 5 = 시간당 $3 만큼 임금을 받지 못한 것입니다.

따라서 시간당 임금차이 **$ 3 *x* 40** 시간 = **$ 120** 의 미지불임금을 받을 수 있습니다**.**

예시 **2:**

직원 B는 50시간을 일하여 $ 425 만큼의 작업량을 달성했습니다.

$ 425 을 50시간으로 나누면 425/50 = 시간당 $ 8.50 이 됩니다.

초과수당 시급은 시간당 $ 8.50 *x* 0.5 (해프타임) = 시간당 $ 4.25 입니다.

따라서 오버타임 임금으로 **$ 4.25 *x* 10** 시간 = **$ 42.50** 을 지급 받을 수 있습니다**.**

예시 **3:**

직원 C는 50시간을 일하여 $ 365 만큼의 작업량을 달성했습니다.

$ 365 을 50시간으로 나누면 365 / 50 = 시간당 $ 7.30 이 됩니다.

정규 시급 차이는 $ 8 (캘리포니아 주 시간당 최소임금) - $ 7.30 = 시간당 $ 0.70 입니다.

$ 0.70 x 50 시간 = $ 35 의 정규 임금이 더 지불되어야 합니다.

$ 8.00 x 0.5 (해프타임) *x* 오버타임 10시간 = $ 40 의 오버타임 임금이 지불되어야 합니다 .

따라서 **$ 35**의 정규 임금과 **$ 40**의 오버타임 임금을 합쳐 총액 **$ 75**의 미지불임금을 받을 수 있습니다**.**

4

# Exhibit B

**LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Jolie Clothing, Inc.**, a garment manufacturer, from shipping goods sewn for its label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375. Your name will not be disclosed.

# **Exhibit B**
(Spanish)

### **NOTICIA LEGAL A TODOS LOS EMPLEADOS**

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen. A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada. Todos los empleados, independientemente de que se les pague por horao por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Jolie Clothing, Inc.,**
**Inc.**, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375. Su nombre se mantendrá confidencial.

6

# **Exhibit B**
(Korean)

모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **Jolie Clothing, Inc.** 가 발송하지 못하게 명령하였습니다.

아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화 하십시요.

당신의 이름은 비밀로 보장됩니다.

## Exhibit C

|  | Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|---|
| Civil Money Penalty Due | 1 | 06/01/2021 | $9,588.00 |  | $9,588.00 |
| Total Due: |  |  |  |  | $9,588.00 |

|  | Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|---|
| Back Wage Due | 1 | 07/01/2021 | $6,000.00 | $27.53 | $6,027.53 |
|  | 2 | 08/01/2021 | $6,000.00 | $27.53 | $6,027.53 |
|  | 3 | 09/01/2021 | $6,000.00 | $27.53 | $6,027.53 |
|  | 4 | 10/01/2021 | $6,000.00 | $27.53 | $6,027.53 |
|  | 5 | 11/01/2021 | $6,000.00 | $27.53 | $6,027.53 |
|  | 6 | 12/01/2021 | $6,000.00 | $27.53 | $6,027.53 |
|  | 7 | 01/01/2022 | $6,000.00 | $27.53 | $6,027.53 |
|  | 8 | 02/01/2022 | $6,000.00 | $27.53 | $6,027.53 |
|  | 9 | 03/01/2022 | $6,000.00 | $27.53 | $6,027.53 |
|  | 10 | 04/01/2022 | $6,000.00 | $27.53 | $6,027.53 |
| Total Due: |  |  | $60,000.00 | $275.30 | $60,275.30 |

CONSENT JUDGMENT

8

# Exhibit D

| First Name | Last Name | From | To | Amount Due |
|---|---|---|---|---|
| Inocente | Alvarado | 9/6/2020 | 11/15/2020 | $1,200.47 |
| Gloria | Arispe | 7/19/2020 | 11/15/2020 | $6,304.13 |
| Maria | Celina | 9/6/2020 | 11/15/2020 | $2,931.58 |
| Carlos | Cuazitl | 7/26/2020 | 11/15/2020 | $1,079.02 |
| Alex | Fernandez | 11/1/2020 | 11/15/2020 | $736.19 |
| Zeferino | Garcia | 7/19/2020 | 11/15/2020 | $5,748.55 |
| Francisco | Guzman | 9/20/2020 | 11/15/2020 | $2,717.70 |
| Ignacio | Hernandez | 7/19/2020 | 11/15/2020 | $3,502.33 |
| Isaias | Leon | 11/8/2020 | 11/15/2020 | $400.79 |
| Rita | Leon | 7/26/2020 | 11/15/2020 | $6,208.30 |
| Felix | Lopez | 7/19/2020 | 11/15/2020 | $5,707.97 |
| Elva | Payan | 7/19/2020 | 11/15/2020 | $6,024.14 |
| Rosenda | Payan | 7/19/2020 | 11/15/2020 | $5,302.20 |
| Jorge | Quintarer Santana | 9/6/2020 | 11/15/2020 | $2,319.38 |
| Esther Azuani | Rodriguez Ayala | 7/19/2020 | 11/15/2020 | $2,043.91 |
| Elsa | Ventura | 7/19/2020 | 11/15/2020 | $4,835.26 |
| Martin | Victoria | 8/30/2020 | 11/15/2020 | $2,938.08 |
|  |  |  |  | **$60,000.00** |

CONSENT JUDGMENT